**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

RAFAEL ALMONTE,

                Petitioner,

    v.                                        No. 04-CV-484
                                                (GLS/DRH)

NYS DIVISION OF PAROLE,

                Respondent.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

RAFAEL ALMONTE
Petitioner Pro Se
No. 00-A-2216
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929

HON. ELIOT SPITZER                      STEVEN H. SCHWARTZ, ESQ.
Attorney General for the                 Assistant Attorney General
   State of New York
Attorney for Respondent
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner Rafael Almonte ("Almonte") is currently an inmate in the custody of the

New York State Department of Correctional Services (DOCS) at Clinton Correctional

Facility. Almonte pleaded guilty to conspiracy in the fourth degree on April 20, 2000 in

Bronx Supreme Court and was sentenced to an indeterminate term of two to four years

---

      [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

imprisonment. Due to a previous conviction, Almonte remains incarcerated serving a sentence of life imprisonment. Almonte now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that the decision denying him parole was arbitrary, capricious, and violated New York law, that the time from the decision on reconsideration was excessive, that the parole board denied his parole without justification, and that he was denied substantive due process when his request for parole was denied. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On October 17, 1989, Almonte was convicted of criminal possession of a controlled substance in the second degree in Bronx Supreme Court and was sentenced to an indeterminate term of six years to life imprisonment. Resp't Answer (Docket No. 7), Ex. 2 at 3. On December 9, 1994, Almonte was released under parole supervision for life. Id. On December 19, 1996, Almonte was arrested for conspiracy to commit robbery and shoot a police officer. Id. at 5. On April 20, 2000, Almonte pleaded guilty to fourth degree conspiracy in violation of N.Y. Penal Law § 105.10 and was sentenced to a indeterminate term of two to four years imprisonment. Id. at Ex. 1. As this conviction was a violation of parole, Almonte was required to complete the remainder of his sentence for the 1989 conviction of six years to life imprisonment.

Almonte appeared before the parole board in July 2000 and parole was denied. Resp't Answer at Ex. 4. On March 29, 2001, Almonte's appeal was granted because the Division of Parole was unable to locate the transcribed minutes of Almonte's July 2000 appearance.  Almonte was thus scheduled to appear in April 2001 before the parole board.

Id.

On April 10, 2001, Almonte re-appeared before the parole board and parole was again denied. Resp't Answer at Exs. 8, 11. On Almonte's appeal, this decision was affirmed on May 15, 2002.[2] Id. at Ex. 13. On May 8, 2002, Almonte appeared before the parole board and parole was again denied. Id. at Ex. 12. Almonte's parole was again denied on May 10, 2004. Almonte's appeal of this decision was pending as of the date this petition was filed. Id. at Exs. 15, 16.

Almonte challenged the April 2001 denial of his parole in an Article 78 proceeding[3] which was denied as moot due to Almonte's subsequent appearance before the parole board. Id. at Ex. 18. On March 7, 2003, Almonte filed a petition for a writ of habeas corpus pursuant to N.Y. C.P.L.R. § 7001, which was denied. Id. at Ex. 19. Both of these decisions were affirmed by the Appellate Division. Almonte v. New York State Div. of Parole, 2 A.D.3d 1239 (3d Dep't 2003). The New York Court of Appeals dismissed Almonte's appeal on March 25, 2004. Almonte v. New York State Div. of Parole, 2 N.Y.3d 758 (2004) This action followed.

## II. Discussion

### A. Parole Denial

Respondent first contends that Almonte's petition is not cognizable because Almonte

---

[2] Each of the denials barred Almonte from re-applying for parole for twenty-four months.

[3] N.Y. C.P.L.R. art. 78 (McKinney 1994 & Supp. 2005) establishes the procedure for judicial review of the actions and inactions of state and local government agencies and officials.

3

does not have a liberty interest in being released on parole.

The Supreme Court has held that since "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," due process safeguards in parole hearings are only required if the state's parole statute creates an expectation of liberty. Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979), Barna v. Travis, 239 F.3d 169, 170 (2d Cir. 2001). Furthermore, the mere possibility of parole does not, by itself, create a constitutionally protected liberty interest. Greenholtz, 442 U.S. at 11. The New York State parole scheme does not create a protected liberty interest. Barna, 239 F.3d at 171.

Almonte's challenge is therefore limited to whether he was denied parole for arbitrary or impermissible reasons. Meachum v. Fano, 427 U.S. 215, 226 (1976); Boddie v. New York State Div. of Parole, 288 F. Supp. 2d 431, 440 (S.D.N.Y. 2003). "[A]ll that the Board must do is (a) afford the inmate an opportunity to be heard and (b) if parole is denied, advise him [or her] of the reasons for its decision." Blackett v. Thomas, 293 F. Supp. 2d 317, 319 (S.D.N.Y. 2003). A review of the parole board's determination here does not reveal a violation of due process or state statute. Almonte had three parole hearings in 2000, 2001, 2002, and 2004. Almonte was given an opportunity to be heard and written opinions providing the bases for the board's determinations at each. See Greenholtz, 442 U.S. at 16.

Almonte contends that he should have been released on parole because he received an eligibility certificate and had served the minimum period of imprisonment. New York's parole statute vests broad discretion in the parole board when determining an inmate's release. N.Y. Exec. Law § 259-i(2)(c) (McKinney 2001). An inmate's institutional record

4

must be considered by the board, but the board must also consider "if there is a reasonable probability that, if such inmate is released, he [or she] will live and remain at liberty without violating the law, and that his [or her] release is not incompatible with the welfare of society and will not so deprecate the seriousness of his [or her] crime as to undermine respect for law." N.Y. Exec. Law § 259-i(2)(c)(A). The "seriousness of [the inmate's] crime" is relevant both to the likelihood that the inmate will not be a danger to the community and to the independent requirement that early release not "deprecate the seriousness of his crime so as to undermine respect for law." Here, each time parole was denied, the parole board considered Almonte's previous convictions for possession of a loaded weapon and possession and sale of cocaine, that his probation was previously revoked, that he was under parole supervision at the time of the instant offense, and that prior incarcerations failed to deter him from continuing criminal behavior. Resp't Answer at Exs. 9, 12, 15. The factors considered here comply with New York law.

In ground two, Almonte contends that the twenty-four month wait for reconsideration was excessive. However, this is the period allowable by state law. N.Y. Exec. Law § 259 i(2)(a). In grounds three and four, Almonte also contends that the board considered charges that were dismissed when he pleaded guilty. The decision of the parole board in denying parole does not refer to the crimes that were dismissed and only refers to the conspiracy charge. Almonte has presented no evidence that the parole board's decision was based on factors other than those permitted by New York's statutory framework.

Therefore, the petition should be denied on its merits.

5

**B. Mootness**

Respondent also argues in the alternative that Almonte's claim regarding the 2001 denial of parole is moot in light of his reappearance before the parole board in 2002 and 2004. Almonte argues that the state court's review of the denial of parole is futile because he would be eligible for a new parole hearing before the state court's appeal is complete. Traverse (Docket No. 8) at 6.

There exists support for the proposition that a subsequent parole hearing renders moot a challenge to a prior hearing. Rodriguez v. Greenfield, No. 99 Civ 0532 (TPJ), 2002 WL 48440, at *4 (S.DN.Y. Jan. 10, 2002). However, other case law suggests that the issue in fact may not be moot and Almonte's argument that the state remedies are futile has been characterized as "potentially powerful." Boddie, 285 F. Supp. 2d at 427-28; Defino v. Thomas, No. 02 Civ. 7413 (RWS), 2003 WL 40502, at *3 (S.D.N.Y. Jan. 2, 2003). However, this question need not be reached as Almonte articulates no due process violation. "Since [the] petition can easily be rejected on the merits, requiring submission of that petition to the state courts, with the likelihood that the same arguments will eventually be presented here in any event, would be a waste of the resources of both the state and federal courts. " Brown v. Thomas, NO. 02 Civ 9257, 2003 WL 941940, at *1 (S.D.N.Y. Mar. 10, 2003). Accordingly, it is recommended that respondent's argument on this ground not be addressed.

## C. Independent and Adequate State Ground

Finally, respondent contends that Almonte has procedurally defaulted on all claims raised in his petition.

A federal habeas court is precluded from reviewing a "question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991); Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000). This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar. Harris v. Reed, 489 U.S. 255, 262 (1989); Jones, 229 F.3d at 118. In order for federal habeas review to be procedurally barred, a state court must actually have relied on a procedural bar as an independent basis and the state court's reliance on state law must be unambiguous and clear from the face of the opinion. Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000); Galarza v. Keane, 252 F.3d 630, 637 (2d Cir. 2001). We apply a presumption against finding a state procedural bar and "ask not what we think the state court actually might have intended but whether the state court plainly stated its intention." Jones, 229 F.3d at 118.

The Appellate Division affirmed the county court's decision denying Almonte's Article 78 proceeding regarding the 2001 parole denial as moot and denying his state habeas petition. The Appellate Division did not plainly state that its judgment was procedural and the cases cited did not indicate that dismissal for mootness was a state procedural ground. There is no indication from the decision that the Appellate Division's decision was based on an independent and adequate state ground. Therefore, the Appellate Division did not clearly and expressly state that their decision rested on procedural grounds.

Accordingly, respondent's argument on this ground should be rejected.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: June 1, 2005
       Albany, New York

_David R. Homer_
United States Magistrate Judge