**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RAFAEL ALMONTE,**

                             **Petitioner**,

      **v.**                                   **Civil No. 9:04-CV-484 (GLS)**

**NEW YORK STATE DIVISION OF
PAROLE,**

                             **Respondent.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**

RAFAEL ALMONTE
Plaintiff, *Pro Se*
No. 00-A-2216
Clinton Correctional Facility
PO Box 2001
Dannemora, New York 12929

**FOR THE RESPONDENT:**

HON. ELIOT SPITZER            STEVEN H. SCHWARTZ, ESQ.
Attorney General State of New York  Asst. Attorney General
Department of Law
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe
U.S. District Judge**

1

**Memorandum-Decision and Order**

**I. Introduction**

Rafael Almonte challenges a New York State Parole Board decision denying him parole. *See Pro Se*, 28 U.S.C. § 2241 Habeas Corpus Pet. ("Petition); *Dkt. No 1*. The petition was referred to Magistrate Judge David R. Homer, *see* 28 U.S.C. § 636(b) and L.R. 72.4, who recommended that it be denied. *See Dkt. No. 10.* Almonte filed a limited objection challenging only Judge Homer's conclusion that the Parole Board's decision was not arbitrary and capricious.[1] Having considered Almonte's objection, having reviewed Judge Homer's arbitrary and capricious conclusion *de novo* and the remainder of his report for clear error, the court adopts the Report-Recommendation in its entirety for the reasons stated by Judge Homer. Additionally, Almonte has procedurally defaulted, thus forfeiting his right to judicial review of all findings and conclusions except whether the Parole Board's decision was arbitrary and capricious.   **II. Background**

Following Almonte's 1989 conviction for drug possession, the Bronx Supreme Court sentenced him to an indeterminate term of six years to life

---

[1] The Clerk is directed to append Judge Homer's report and recommendation to this decision, and familiarity is presumed.

imprisonment. After he was released to life-time parole in 1994, Almonte was arrested in 1996 for a conspiracy to commit robbery and to shoot a police officer. In 2000, he pled guilty to conspiracy and was sentenced to an indeterminate term of two to four years imprisonment. Because his 2000 conviction violated the terms of his earlier parole, his release was revoked and he was required to complete the remainder of his 1989 six years to life sentence.

When Almonte subsequently appeared before the Parole Board in July 2000, his release application was denied, and he was ordered held for two years before he could reapply. Almonte appealed. On March 29, 2001, the denial was vacated because the Division of Parole could not locate the minutes of Almonte's earlier appearance. On April 10, 2001, he reappeared before the Parole Board for a *de novo* hearing, parole was again denied, and the two year preclusion was re-instituted, effective from the date of his first appearance. That decision was affirmed on May 15, 2002. Twice more in 2002 and 2004, Almonte sought parole release and was denied.

Almonte's petition claims: (1) the Parole Board's 2001 decision violated New York's Executive Law and Code of Rules and Regulations; (2)

3

the two year preclusion forbidding a renewed application was excessive; and (3) the Parole Board's failure to make a timely decision and its reliance on impermissible information violated his substantive and procedural due process rights.

In response, the Attorney General asserted that Almonte's claims should be denied because: (1) they are not cognizable on habeas review because there is no constitutional or statutory right to parole release; (2) they are moot since Almonte had two parole hearings which post-dated the 2001 hearing under attack; and (3) they are procedurally defaulted because the last state court considering the claims denied them on the basis of a state procedural bar, and Almonte failed to demonstrate either cause and prejudice or actual innocence.

Judge Homer's report carefully analyzed each of Almonte's claims. Judge Homer found that New York's parole scheme does not create a constitutionally protected liberty interest, and that Almonte's challenge was therefore limited to whether the Parole Board's decision was arbitrary and capricious. He then analyzed the relevant New York statutes, and articulated the reasons why the parole decision was not arbitrary and capricious and why Almonte was afforded the process due. Judge Homer

4

declined to reach the merits of the Attorney General's mootness argument, and resolved the issue of procedural default in Almonte's favor.

In the report's concluding paragraph, Judge Homer recited the standard warning that accompanies all reports issued in this district; namely:

> Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1983); *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e). (emphasis in the original)

Almonte subsequently filed timely, but limited objections.[2] *See Dkt. No. 11 ("Almonte Objections")*. He generally objected to Judge Homer's findings and conclusions, *id. at ¶ 1*, and supported his general objection by referencing the arguments in his original petition. *Id. at ¶ 2*. However, his only specific, written objection related to Judge Homer's conclusion that the Parole Board had not acted arbitrarily and capriciously. *Id. at ¶¶ 3-5*. Therefore, he procedurally defaulted and is not entitled to judicial review of Judge Homer's other conclusions.

## III. Discussion

---

[2] The Attorney General did not object or respond to Almonte's objections.

5

## A. <u>Legal Principles</u>

By statute and rule, district courts are authorized to refer habeas corpus petitions to Magistrate Judges for proposed findings and recommendations regarding disposition. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254. By local rule, the Northern District does so automatically, randomly referring all *pro se* state habeas corpus petitions to Magistrate Judges. *See* L.R. 40.1, 72.3(c), 72.4(a); General Order #12, §D(1)(G).

When a report and recommendation is filed, the parties must comply with specified procedures if they seek statutorily mandated district court review. *See* 28 U.S.C. § 636(b)(1)(C); F<small>ED</small>. R. C<small>IV</small>. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254; L.R. 72.1(c). Thus, they have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses. *Id.* Although the statute and federal rules are clear, the local rules are clearer yet that parties must file written objections that specify the findings and recommendations to which they object, and

6

the basis for their objections. *Cf.* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254 *with* L.R. 72.1(c). The local rule is by no means inconsistent with the statute or federal rules, and is therefore legally enforceable. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001); *see also* FED. R. CIV. P. 83(a)(b).

The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254; L.R. 72.1(c). After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254.

If a party fails to object, or timely or specifically object, it procedurally defaults, and it is entitled to no judicial review whatsoever. *See Thomas v.*

7

*Arn*, 474 U.S. 140, 149 & n. 7, 150, 152 (1985); *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003); *Mario v. P & C Food Markets, Inc*, 313 F.3d 758, 766 (2d Cir. 2002); *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000); *United States v. Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997); *Federal Deposit Insurance Corporation v. Hillcrest Associates*, 66 F.3d 566, 569 (2d Cir. 1995); *IUE AFL-CIO Pension Fund v. Herrman*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988); *Abehouse v. Ultragraphics, Inc.*, 754 F.2d 467, 473 (2d Cir. 1985); *McCarthy v. Manson*, 714 F.2d 234, 237 & n. 2 (2d Cir. 1983); *see also* FED. R. CIV. P. 72(b) advisory committee note (1983).  Although the doctrine of procedural default developed as a Circuit appellate rule, it applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object.  *DeLeon v. Strack*, 234 F.3d at 86 (citing *Male Juvenile,* 121 F.3d at 38-39); *see also Thomas v. Arn*, 474 U.S. at 149 & n. 7 (statute does not preclude procedural default analysis at the district court level).  As to *pro se* parties, the notice

8

requirement is satisfied if the report at least states that the failure to object will preclude appellate review, and cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. *Roldan v. Racette*, 984 F.2d at 89; *Frank v. Johnson*, 969 F.2d at 300. In this district, reports routinely recite the requisite warning, as did Judge Homer's in this case.

The doctrine of procedural default naturally flows from the Congressional expectation that highly credentialed men and women would fill the Magistrate Judge positions after the passage of the Federal Magistrates Act. *See Thomas v. Arn*, 474 U.S. at 148 & 152; *see also* 28 U.S.C. § 631 (merit selection process). Thus, the Act was designed to provide district courts with additional assistance, and any requirement mandating district court review of Magistrate Judges' reports absent objections "would be an inefficient use of judicial resources." *Id.* at 148.

Although the failure to object or timely object constitutes procedural default, other factual predicates give rise to default as well. Thus, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See Cephas v. Nash*, 328 F.3d at 107 (citing *Mario v. P & C Food Markets, Inc.*, 313

9

F.3d at 766). Default occurs when objections are not specific or written, *Abehouse v. Ultragraphics, Inc.*, 754 F.2d at 473, and a general objection is not a specific objection. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984); *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Neuman v. Rivers*, 125 F.3d 315, 321-23 (6th Cir. 1997); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Grosso v. Artuz*, No. 97 Civ. 1623, 1998 WL 542312, at *2-3 (S.D.N.Y. Aug. 25, 1998) (citing *Thomas v. Arn*, 474 U.S. at 147-48). Resubmission of the same papers and arguments as submitted to the Magistrate Judge fails to comply with the specificity requirement because the local rule requires that objections address specific findings and conclusions. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of* Albany, 281 F. Supp. 2d 436, 439 (N.D.N.Y. 2003); *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (former 5th Cir. 1882) (*en banc*) ("[i]t is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider. The rule facilitates the opportunity for district judges to spend more time on

10

matters actually contested and produces a result compatible with the purposes of the Magistrates Act.")); *but see Cicio v. John Does 1-8*, 321 F.3d 83, 90 n. 5 (2d Cir. 2003). Furthermore, frivolous or conclusory objections fail to satisfy the specificity requirement. *Nettles v. Wainwright*, 677 F.2d at 410 n. 8; *Arbor Hill*, 281 F. Supp. 2d at 439*; Camardo*, 806 F. Supp. at 382; *Brown v. Peters*, No. Civ. A. 95-CV-1641, 1997 WL 599355, at *2 (N.D.N.Y. Sept. 22,1997) (Pooler, DJ).

Because procedural default is non-jurisdictional, the district court retains discretion to disregard it in the interests of justice. *Cephas v. Nash*, 328 F.3d at 107 (citing *Thomas v. Arn*, 474 U.S. at 155). Such discretion is "based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party." *Spence*, 219 F.3d at 174 (citing *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999); *Douglas*, 79 F.3d at 1428). As the Supreme Court has observed:

> [T]he district court ... must exercise supervision over the magistrate. Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction. The district judge has

11

> jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. at 154.

As noted, if the parties properly object, the court must conduct a *de novo* review, and may do so regardless. *De novo* review requires that the court "'give fresh consideration to those issues to which specific objections have been made.' It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (citing H.R. Rep. No. 94-1609, 94th Cong., 1st Sess. p. 3 (1976), U.S. Code Cong. & Admin. News 1976, p. 6163); *see also* 12 Charles Alan Wright *et. al.*, *Federal Practice and Procedure* § 3070.2 (2d ed. 1997). 28 U.S.C. § 636(b)(1) actually employs the phrase "*de* novo determination" rather than "*de novo* hearing," thus permitting "whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations." *Grassia v.* Scully, 892 F.2d 16, 19 (2d Cir. 1989) (citing *Raddatz*, 447 U.S. at 676). When the district court

makes its *de novo* determination, the parties have no right to present evidence not submitted to the Magistrate Judge. Nonetheless, the court retains the discretion to consider additional evidence although it should afford the parties notice. *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *Pan American World Airways, Inc. v. International Bhd. of Teamsters*, 894 F.2d 36, 40 n. 3 (2d Cir. 1990)).

The more complex question arises when a party procedurally defaults, the court is neither statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless. Under such circumstances, what standard applies? In short, the court may elect any standard it wishes.

28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard under such circumstances. However, the Rule 72(b) Advisory Committee Note suggests that the court will review for "clear error," stating:

> "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879, quoted in House Report No. 94-1609, 94th Cong.2d Sess. (1976) at

13

     3.  *Compare Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

*See* FED. R. CIV. P. 72(b) advisory committee's note (1983). Numerous decisions cite the 1983 Note as persuasively requiring "clear error" review, but the value of that Note is undercut by dicta in the Supreme Court's 1985 decision in *Thomas v. Arn*. There, the Court stated: "[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Arn*, 474 U.S. at 154.

     When reviewing reports despite procedural default, district courts have applied standards with varying names and definitions. Thus, some adopt the "clearly erroneous" standard that is articulated in the statute and federal rule governing review of a Magistrate Judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note. *See e.g. Martinez v. Senkowski*, No. 6:97-CV-0624, 2000 WL 888031, at *3 (N.D.N.Y. June 28, 2000); *see also* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). Given the definition typically assigned to "clearly erroneous," the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the

14

court to definitely and firmly conclude that a mistake has been committed. *See Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Other courts have adopted a "contrary to law" standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure. *See e.g. Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002); *Tompkins v. R. J. Reynolds Tobacco, Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for "plain error." *See Spence*, 219 F.3d at 174 (citing *Douglas*, 79 F.3d at 1428 (5th Cir. 1996) (citing *United States v. Olano*, 507 U.S. 725, 736 (1993)). Plain error is one that is clear or obvious and affects substantial rights. *Spence*, 219 F.3d at 174.

Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not. When the court does so, however, it is aware that the reports are generated by Magistrate Judges with extraordinary professional and judicial experience.

15

Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations. Absent *de novo* review, the court will apply a "clearly erroneous" standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights. Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues.

### B. <u>Judge Homer's Report and the Objections</u>

In part, Judge Homer's report concludes: New York's parole statute does not create a protected liberty interest subject to the full panoply of due process safeguards; the two year preclusion forbidding Almonte from submitting a renewed parole application was consistent with the mandates of New York law, and therefore not excessive; Almonte's petition is not moot; and Almonte has not procedurally defaulted. Almonte has now procedurally defaulted on the first two findings because his objections regarding them were either nonexistent or non-specific. By failing to object whatsoever or file a response to Almonte's objections, the respondent has procedurally defaulted on the second two. Because these findings are not

clearly erroneous, the court adopts them in their entirety for the reasons stated by Judge Homer.

Judge Homer also concluded that the Parole Board decision was not arbitrary and capricious, and Almonte has specifically objected to that conclusion. The court has conducted a *de novo* review of Judge Homer's conclusion, Almonte's objection, and the underlying record.

As Judge Homer observed, the parole decision was not arbitrary and capricious if the Parole Board gave Almonte an opportunity to be heard and advised him of the reasons for denying parole. Almonte had three hearings, was heard during all three, and received written denial decisions. In his petition and in his objection, Almonte essentially argues that the Parole Board saw fit to release him after his first conviction, but refused to do so after his second because it impermissibly considered facts that were not part of his conspiracy conviction. To the contrary, the Parole Board was authorized to consider whether Almonte would lead a law-abiding life if released, whether his release was compatible with society's welfare, and whether his release would deprecate the seriousness of his crime thereby undermining respect for the law. *See Dkt. No. 10, Homer Report* at 5. In its decisions denying parole, the Board repeatedly referenced Almonte's

17

prior convictions for possession of a loaded weapon, cocaine sales and conspiracy, but never referred to facts outside the record of those convictions. Furthermore, the Board specifically considered legitimate factors that arose after its original decision admitting Almonte to parole; namely, a probation revocation, a new conviction while under parole supervision, and the fact that his prior incarceration failed to deter him from continuing criminal behavior. *Id.* Having reviewed the underlying record *de novo*, there is no factual support for Almonte's bald conclusion that the Parole Board considered impermissible factors when reaching its decisions. Accordingly, Judge Homer's conclusion that the Parole Board's decision was not arbitrary and capricious is correct, and Almonte's petition is denied.

## IV. Conclusion

For the reasons stated, it is hereby

**ORDERED**, that the Report-Recommendation of Magistrate Judge David R. Homer, filed on June 1, 2005 is **ACCEPTED** in its entirety for the reasons stated; and it is further

**ORDERED**, that this petition is **DENIED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court enter judgment in favor of

defendant and close this case.

**IT IS SO ORDERED.**

Date: January 18, 2006
        Albany, New York

_____
Gary L. Sharpe
U.S. District Judge